UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

FABIAN POSADAS-MEJIA,
    Defendant.

Case No. 2:19-cr-169
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Fabian Posadas-Mejia's ("Defendant") Motion to Dismiss the Indictment. (ECF No. 37). The United States of America (the "United States" or "Government") opposes dismissal. (ECF No. 42). For the reasons stated below and the reasons stated in open court during the October 8, 2019 motion hearing, Defendant's Motion to Dismiss the Indictment (ECF No. 37) is **DENIED**.

### I.

**A.   Introduction**

On August 1, 2019, a Grand Jury for the Southern District of Ohio returned a one-count Indictment charging the Defendant with Illegal Re-Entry of a Removed Alien, in violation of 8 U.S.C. § 1326(a). (Indictment at 1 [ECF No. 12]). Defendant now moves to dismiss the Indictment, which reads as follows:

> On or about June 14, 2019, in the Southern District of Ohio, Defendant **FABIAN POSADAS-MEJIA**, an alien, knowingly and unlawfully entered and was found in the United States after having been removed, excluded, or deported therefrom on or about February 19, 2014, without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission to the United States prior to his return.

(*Id.*) (emphasis in original). Defendant avers that dismissal of the Indictment is proper because

the Immigration Judge who ordered Defendant's deportation to El Salvador on August 4, 1995 "did not have the authority to issue the removal order because [Defendant] never received an actual 'order to show cause.'" (Mot. to Dismiss at 1 [ECF No. 37]). Defendant relies on the recent Supreme Court case *Pereira v. Sessions*, __ U.S. __, 138 S. Ct. 2105 (2018), in support of his contention that his removal was invalid. (*Id.*).

**B.    Defendant's Prior Immigration Proceedings**

The parties largely agree on the facts surrounding Defendant's prior immigration proceedings. To summarize, on June 6, 1995, Immigration and Naturalization Service ("INS") personally served Defendant with an Order to Show Cause and Notice of Hearing ("Order to Show Cause"), and, at that time, the Order to Show Cause was read to the Defendant in his native tongue, Spanish. (Show Cause Ord. at 5 [ECF Nos. 37-1; 42-1]). The Order to Show Cause, which was printed in both English and Spanish, alleged:

1) You are not a citizen or national of the United States;

2) You are a native of El Salvador and a citizen of El Salvador;

3) You entered the United State at or near an unknown place on or about an unknown date; [and]

4) You were not then inspected by an immigration officer.

(Show Cause Ord. at 1). Accordingly, the Order to Show Cause informed the Defendant that, based on the "foregoing allegations, it is charged that you are subject to deportation" under 8 U.S.C. § 241(a)(1)(B) as he is alleged to have "entered the United States without inspection." (*Id.* at 3). The Order to Show Cause further ordered the Defendant

> to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at: Address TO BE CALENDARED AND NOTICE PROVIDED BY THE OFFICE OF THE IMMIGRATION JUDGE. NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY RESPONDENT and show cause why you should not be deported

2

from the United States on the charge(s) set forth above.

(*Id.*) (emphasis in original).

The Order to Show Cause notified the Defendant that he was "required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted." Defendant informed INS that the address he should be contacted at was: "2211 North 4th St. Columbus, Ohio 43201[.]" (*Id.* at 1). Defendant was informed:

> You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. . . . If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

(*Id.* at 4) (emphasis in original).

Defendant was released on his own recognizance and further informed that he was to "[n]otify the Immigration and Naturalization Service . . . of any change in address or employment within 48 hours after the change is made." (Ord. of Release at 1 [ECF No. 42-2]).[1] Defendant again told INS that his mailing address was 2211 North 4th Street, Columbus, OH 43201. (*Id.* at 2).

On June 19, 1995, the Immigration Court sent the Defendant a notice of hearing by certified to the address that Defendant twice indicated was his address. (Ord. Deny Mot. to Reopen at 1 [ECF Nos. 37-7; 42-6). The notice informed Defendant that his deportation hearing was scheduled for August 4, 1995. (*Id.*). On June 22, 1995, a notice of certified mail was left at the address Defendant supplied to INS. (*Id.* at 2). Another notice of certified mail was left for the Defendant at his address on June 27, 1995. (*Id.*). The hearing notice was returned to the Immigration Court

---

[1] While the Order of Release and Recognizance is written only in English, the Order was translated into Spanish for the Defendant. (Ord. of Release at 2)

3

as "unclaimed" on July 8, 1995. (*Id.*).

The Immigration Court convened Defendant's deportation hearing on August 4, 1995. (Deportation Order [ECF Nos. 37-2; 42-4]). Defendant did not appear at the hearing, so the Immigration Judge conducted the hearing *in absentia*, and ordered that the Defendant be deported. (*Id.*). In the deportation order, it was again stated that notice was sent to the Defendant by certified mail to the Defendant's last known address. (*Id.*).

On August 12, 1995, Defendant submitted an application for asylum with the United States Department of Justice and INS. (*See generally* Asylum Petition [ECF No. 37-3]). Defendant was first granted an employment authorization in 1999, and he received subsequent annual employment authorizations through 2006. (*See* ECF No. 37-6). Further, during this time period, Defendant communicated with INS and updated his address accordingly. (*See* Mot. to Reopen at 3 [EF Nos. 37-5; 42-5).

Defendant eventually applied for temporary protective status while his asylum application remained pending. (*See generally* Form I-821 [ECF No. 37-4]). In his application for temporary protective status, Defendant indicated that he had never "been under immigration proceedings." (*Id.* at 1). On October 6, 2008, Defendant's application for temporary status was denied. (*Id.*).

Defendant submits that he first learned about the 1995 Order of Deportation in 2012, while checking on the status of his asylum petition. Defendant further submits that immediately upon learning about the 1995 Order of Deportation, he contacted counsel. (Defendant Aff. ¶ 7 [ECF Nos. 37-5, PAGEID ## 184–85; 42-5, PAGEID ## 252–53). On April 18, 2012, Defendant's counsel in his immigration proceedings filed a motion to reopen the 1995 deportation proceedings under 8 U.S.C. § 1229(b)(5)(C) and 8 C.F.R. § 1003.23(b)(4)(ii). (*See generally* Mot. to Reopen [ECF No. 37.5]). Attached to his Motion to Reopen the 1995 deportation proceedings was an

affidavit from the Defendant, in which he stated he lived at 2211 North 4th Street in Columbus, Ohio during the relevant time period. (Defendant Aff. ¶ 5). Defendant further declared that he never received notice of his August 4, 1995 deportation hearing, even though he had not changed his address. (*Id.* ¶ 9). Defendant stated that had he known about the deportation hearing, he would have appeared. (*Id.* ¶ 10).

On July 3, 2012, an Immigration Judge denied the Defendant's Motion to Reopen the Deportation Proceedings. (*See generally* Ord. Deny Mot. to Reopen). The Immigration Judge stated:

> The Respondent's affidavit does not demonstrate that he did not receive those notices due to nondelivery or improper delivery by the Postal Service, nor does it establish that nondelivery was not due to Respondent's failure to provide an address where he could receive mail. When the Respondent was personally served with his OSC, he was notified of his obligation to provide the Court with an address at which he could be contacted. If the Respondent could not receive certified mail at the address he provided in the OSC, he did not satisfy his statutory obligation to provide an address at which he could be contacted regarding immigration proceedings.

(*Id.* at 2–3). There is no evidence before this Court that Defendant either moved the presiding Immigration Judge for reconsideration of this Order, or that he appealed the denial of his Motion to Reopen the 1995 Order of Deportation to the Board of Immigration Appeals ("BIA"). Defendant was subsequently removed from the country on February 19, 2014, pursuant to the August 4, 1995 Order of Removal.

C.  **Procedural History**

In June 2019, Defendant was arrested in Columbus, Ohio and, on August 1, 2019, the Grand Jury charged the Defendant with one-count of Illegal Re-Entry of a Removed Alien, in violation of 8 U.S.C. § 1326(a). (Indictment at 1). On September 30, 2019, Defendant moved to dismiss the Indictment. (*See generally* Mot. to Dismiss). Defendant, relying on *Pereira v. Sessions*, __ U.S. __, 138 S. Ct. 2105 (2018), argues that the August 4, 1995 Order of Removal

5

violated the Defendant's Fifth Amendment Right to Due Process because Defendant "never received an actual 'order to show cause.'" (*Id.* at 1). The Government submits that the Court should deny Defendant's Motion to Dismiss and asserts that Defendant has failed to satisfy all necessary elements to collaterally attack a prior deportation order under 8 U.S.C. § 1326(d). On October 8, 2019, the parties appeared before the Court for a motion hearing and the parties submitted further arguments on the Motion to Dismiss. Accordingly, this matter is ripe for review.

## II.

A defendant accused of illegal reentry may collaterally attack his prior deportation by demonstrating: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). As these requirements are conjunctive, the defendant must satisfy all three requirements. *United States v. Estrada*, 876 F.3d 885, 887. Further, "[b]ecause a final deportation order enjoys a presumption of regularity, once the government shows that the alien was deported while such an order was outstanding, the burden shifts to the defendant-alien, and it is he who must prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order." *United States v. Gonzales-Campos*, No. 2-13-cr-255, 2014 WL 1091043, at *4 (S.D. Ohio Mar. 18, 2014) (quoting *United States v. Adame-Orozco*, 607 F.3d 647, 651 (10th Cir. 2010) (internal quotations omitted)); *see also United States v. Martinez-Rocha*, 337 F.3d 566, 568 (6th Cir. 2003) ("defendant must demonstrate that" the three prongs of § 1326(d) have been satisfied.).

## III.

Upon review of the filings submitted, the Court finds that Defendant has failed to carry his

burden of showing that he exhausted the administrative remedies available to him. An individual can move for reconsideration of an Immigration Judge's denial of a motion to reopen under 8 C.F.R. § 1003.23(b)(1). If the motion for reconsideration is denied, an individual has the opportunity to appeal the denial of the motion to reopen to the BIA under 8 C.F.R. § 1003.38. And final decisions of the BIA are appealable to the appropriate Federal Court of Appeals.

Defendant has proffered no evidence that, after Defendant's Motion to Reopen Deportation Proceedings was denied, he either moved for reconsideration or appealed the Immigration Judge's decision to the BIA. Accordingly, Defendant has not demonstrated that he exhausted the administrative remedies that were available to him.

Because Defendant has failed to establish the first requirement necessary to collaterally attack his prior deportation, the Court need not address the second or third prong of the 8 U.S.C. § 1326(d) analysis. *See Estrada*, 876 F.3d at 889 (declining to analyze whether defendant established 1326(d)'s first two prongs after finding defendant failed to establish the fundamental unfairness requirement).[2]

## IV.

For the reasons stated herein and stated in open court, Defendant's Motion to Dismiss the Indictment (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED.**

___10-21-2019___
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendant relies on *Pereira* in support of his assertion that the 1995 Deportation Order and subsequent removals violated his Fifth Amendment right. (*See* Mot. to Dismiss at 1). However, as the Defendant has failed to demonstrate the exhaustion prong, the Court need not address the applicability of *Pereira* to the case at bar.

7